# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIEL CHRISTENSEN,<br><br>    Plaintiff,<br>v.<br><br>MID-CENTURY INSURANCE, and TIMOTHY BILLS,<br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00164<br><br>District Judge Dee Benson |

Before the court is Defendants' motion to dismiss Timothy Bills as a non-diverse party. (Dkt. No. 4.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. The court now elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## BACKGROUND

Plaintiff's original state court complaint alleges that he was in a motor vehicle accident, and that his underinsured motorist insurance claim was mishandled by Mid-Century Insurance Company. (Dkt. No. 4 at 2.) On March 4, 2019, Mid-Century's counsel notified Plaintiff's counsel that it would file a petition to remove the case to federal court on the basis of diversity of citizenship. (*See id.*) Then on March 7, Plaintiff filed an amended complaint adding Timothy Bills as a second defendant, and alleging that he was "a senior claims adjuster for Mid-Century" who was assigned to handle Plaintiff's claims. (*Id.*) Timothy Bills is not a party to the insurance contract at issue in this case. (*Id.* at 3.) The complaint includes "Breach of Contract" and "Breach of the Covenant of Good Faith and Fair Dealing" claims against Defendants. (*Id.* at 2.)

On March 11, 2019, Defendants filed a petition to remove the action to federal court. (Dkt. No. 2.)

Plaintiff is a Utah resident, Mid-Century is a California corporation, and Timothy Bills is a Utah resident. Defendants argue that because Plaintiff fraudulently joined Bills as a non-diverse party for the sole purpose of defeating jurisdiction, Bills should be dismissed to allow the case to proceed in federal court. Plaintiff responds that Bills was properly joined to the action because of his personally tortious conduct against Plaintiff, as well as his potential violations of the Utah Insurance Code and unspecified "additional claims" likely to be brought to light during the discovery process. (Dkt. No. 8.) Accordingly, Plaintiff also filed a motion to remand this action to the Fourth Judicial District Court of Utah County. (Dkt. No. 7.)

## DISCUSSION

Parties invoking a federal court's jurisdiction through removal "bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The court must remand a case "if at any time before final judgment it appears that [it] lacks subject matter jurisdiction". 28 U.S.C. 1447(c).

Joinder of a party is fraudulent when it "serves only to frustrate federal jurisdiction." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Purdy v. Starko, Inc.*, 2010 WL 3069850, *2 (D. Utah 2010). For a removing party to establish fraudulent joinder, it "must demonstrate either: (l) actual fraud in the pleading of jurisdictional facts, or (2) inability of the

plaintiff to establish a cause of action against the nondiverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

Based on the two claims filed against Defendants in state court (Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing), the court is persuaded that Plaintiff cannot establish a cause of action against Bills. Rather, the only apparent reason Plaintiff added Bills as a party in the amended complaint was "to frustrate federal jurisdiction." Central to the court's determination is the fact that Bills is not a party to the insurance contract. Under Utah law, insurance policies are "construed pursuant to the same rules applied to ordinary contracts." *Saleh v. Farmers Ins. Exch.*, 133 P.3d 428, 432 (Utah 2006). And it is a fundamental premise of contract law that a defendant "cannot be liable for any alleged breach of contract to which he was not a party." *Catlin v. Salt Lake City School Dist.*, 2014 WL 4662466, at *8 (D. Utah 2014). Therefore, Plaintiff has no legally cognizable "Breach of Contract" cause of action against Bills.

The court is also persuaded that Plaintiff cannot establish a "Breach of the Covenant of Good Faith and Fair Dealing" claim against Bills for the same reason. "It is well settled that the duty of good faith and fair dealing runs to parties to an insurance contract or their privies. The duty is created by the contract between the parties." *Cannon v. Travelers Indem. Co.*, 994 P.2d 824, 828 (Utah Ct. App. 2000). Plaintiff thus also cannot establish a cause of action against Bills under the covenant of good faith and fair dealing.

Plaintiff does not argue that Bills is a party to the insurance contract at issue here. The court finds that this fact alone to be dispositive, for the above listed reasons. Instead, Plaintiff argues that Bills was joined as a defendant because of his alleged personally tortious conduct and violations of the Utah Insurance Code, along with unspecified "additional claims." (Dkt. No. 8.) However, the court finds that Plaintiff's opposition to Defendants' motion was "not the place to

raise new claims." *Daniels v. Unum Life Ins. Co. of America*, 2006 WL 3826715, at *2 (N.D. Cal. 2006). Instead, the motion to dismiss Bills as a party is evaluated in light of Plaintiff's claims in the amended complaint, which does not include tortious conduct or Utah Insurance Code violations. Even if it did include insurance code violations, the Utah Insurance Code does not establish a private right of action. Section 31A–26–303(5) of the Utah Insurance Code states that "[t]his section does not create any private cause of action." Utah Code Ann. § 31A–26–303(5); *see also Cannon*, 994 P.2d at 828 (holding unfair claim settlement practices outlined in Utah Insurance Code do not create private right of action). Nor is the court persuaded that Defendants' notice of removal and cover sheet were defective as Plaintiff has alleged. (*See* Dkt. No. 7 at 7-8.)

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for dismissal of non-diverse defendant Timothy Bills (Dkt. No. 4) is HEREBY GRANTED, and Mr. Bills is accordingly DISMISSED from this action. Plaintiff's Motion to Remand to Fourth District Court (Dkt. No. 7) and Objections to Defendants' Notice of Removal (Dkt. No. 14) are consequently MOOT.

Signed May 20, 2019.

BY THE COURT

*Dee Benson*

U.S. District Judge Dee Benson