IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIEL CHRISTENSEN,<br><br>　　　　　Plaintiff,<br>v.<br><br>MID-CENTURY INSURANCE COMPANY and JOHN DOES I-V,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00164<br><br>District Judge Dee Benson |

Before the court is Defendants' Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Dkt. No. 4. The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. The court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## BACKGROUND

Plaintiff Daniel Christensen was covered under a Mid-Century automobile policy (the "Policy") from April 3, 2014 to October 3, 2014. Dkt. No. 25 at 2. The Policy included under-insured motorist (UIM) coverage for an insured's damages that exceed the amount of liability insurance covering an at-fault driver. *Id.* at 3. On June 30, 2014, Plaintiff was rear-ended in a motor vehicle accident. *Id.* On October 31, 2016, after Plaintiff received the at-fault driver's policy limits, Plaintiff's counsel sent a letter to Mid-Century demanding the limits of Plaintiff's under-insured motorist policy. *Id.* On November 9, 2016, Mid-Century sent a letter to Plaintiff's counsel claiming that Mid-Century had not yet been provided with several medical records, bills, or pre-accident treatment records. The parties communicated intermittently

throughout the following months, and on January 3, 2018, Mid-Century sent Plaintiff's counsel an email stating its position that Plaintiff had been adequately compensated by the at-fault driver's insurance. *Id.* at 4. The email also included an offer of $1,000 to resolve the UIM claim. *Id.* Plaintiff maintained his demand for the full policy limits, and the parties were not able to settle the dispute over the subsequent months. *Id.*

On December 19, 2018, Plaintiff filed his complaint in state court alleging "Breach of Contract" (the "UIM claim") and "Breach of Covenant of Good Faith and Fair Dealing" (the "bad faith claim"). *Id.* Plaintiff filed a "Second Amended Complaint" on March 7, 2019 adding an insurance adjuster for Mid-Century as a defendant. Dkt. No. 7 Ex. A. Defendant removed the case to federal court on March 11, 2019. Dkt. No. 2. This court then granted Mid-Century's motion to dismiss the additional defendant under the doctrine of fraudulent joinder. Dkt. No. 19.

On October 23, 2019, Mid-Century filed the instant Motion for Summary Judgment on the bad faith claim. Dkt. No. 25. The parties have fully briefed the motion and submitted it for decision.

## **DISCUSSION**

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to overcome a motion for summary judgment]; there

2

must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The crux of Mid-Century's Motion for Summary Judgment is its contention that "Plaintiff's [bad faith claim] is not supported by a theory of recoverable damages." Dkt. No. 25 at 11. In Utah, "a covenant of good faith and fair dealing inheres in most, if not all, contractual relationships." *St. Benedict's Development Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 199 (Utah 1991). "A violation of the covenant gives rise to a claim for breach of contract." *Id.* at 200. The elements of a breach of contract claim are "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *America West Bank Members, L.C. v. State*, 342 P.3d 224, 230-231 (Utah 2014). Damages for breach of contract either "flow naturally from the breach" or "were reasonably foreseeable by the parties at the time the contract was entered into." *Castillo v. Atlanta Cas. Co.*, 939 P.2d 1204, 1209 (Utah Ct. App. 1997) (citing *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985). A plaintiff alleging a breach of the covenant of good faith and fair dealing must therefore show not only that the covenant was breached, but also that the breach resulted in reasonably foreseeable damages.

Mid-Century argues that Plaintiff has failed to produce any evidence of foreseeable harm resulting from Mid-Century's alleged mishandling of the claim. Dkt. No. 25 at 11. The Tenth Circuit has held that summary judgment on a bad faith claim is appropriate where the plaintiff cannot provide a "viable footing" for damages. *Blakely v. USAA Cas. Ins. Co.*, 691 F. App'x 526, 542 (10th Cir. 2017). A plaintiff must allege and produce evidence of harm beyond the "mere disappointment, frustration, and anxiety normally experienced in the process of filing an insurance claim." *Beck*, 701 P.2d at 802 n. 6. Arguing that Plaintiff has presented no evidence of such harm, Mid-Century requests summary judgment on Plaintiff's bad faith claim.

In response, Plaintiff repeatedly and correctly states that "[w]hether there has been a breach of good faith and fair dealing is a factual issue, generally inappropriate for decision as a matter of law." Dkt. No. 27 at 6 (quoting *Republic Group, Inc. v. Won-Door Corp.*, 883 P.2d 285, 291 (Utah Ct. App. 1994)). Yet the question here is not whether the covenant has been breached, but rather whether the Plaintiffs have alleged and demonstrated at least a "genuine issue of material fact" as to the existence of recoverable damages stemming from the alleged breach. Fed. R. Civ. P. 56(c). To survive summary judgment, therefore, Plaintiff must offer at least some evidence of damages suffered as a result of Mid-Century's breach of the implied covenant of good faith and fair dealing.

Plaintiff appears to claim damages for emotional distress by arguing that such damages are recoverable under Utah law, but he does not offer specific details about emotional harm he suffered as a result of Mid-Century's alleged misconduct. Dkt. No. 27 at 10. Plaintiff cites *Beck* for the proposition that "an insured who has suffered a loss is pressed financially and . . . may be peculiarly vulnerable, both economically and emotionally." *Id.* (quoting *Beck*, 701 P.2d at 798). In *Beck*, the Utah Supreme Court indeed "[found] no difficulty with the proposition that, in unusual cases, damages for mental anguish might be *provable*." *Beck*, 701 P.2d at 802 (emphasis added). Plaintiff's burden at the summary judgment stage, then, is merely to demonstrate that he has a chance of proving such damages at trial. This Plaintiff does not do. He suggests that it was "unusual" for Mid-Century to offer $1,000 in response to a UIM claim by its insured, but he does not discuss any harm he suffered as a result of Mid-Century's alleged "unusual" behavior. Dkt. No. 27 at 11. Later, Plaintiff claims that Mid-Century's breach of the covenant of good faith and fair dealing caused "mental, financial, and emotional harm," and that the claim is based on that harm. *Id.* Yet Plaintiff does not elaborate on the nature of that harm,

4

nor does he point to any evidence of that harm.  To support his bad faith claim, Plaintiff must point to specific injuries he suffered as a result of Mid-Century's alleged breach of the implied covenant of good faith and fair dealing.  Because Plaintiff has failed to raise a genuine dispute of material fact as to whether he suffered damages resulting from Mid-Century's alleged breach of the covenant of good faith and fair dealing, summary judgment for Mid-Century is appropriate.

Finally, the parties address the question of punitive damages.  Mid-Century argues that punitive damages are not recoverable in contract-based actions, and Plaintiff brings only contract claims.  Dkt. No. 25 at 13-14.  Mid-Century therefore requests that the court dismiss Plaintiff's claim for punitive damages.  In response, Plaintiff quotes *Beck*, emphasizing that "there is no reason to limit damages [for a bad faith insurance claim] to the amount specified in the insurance policy."  Dkt. No. 27 at 14 (quoting *Beck*, 701 P.2d at 801).  Plaintiff argues that Utah law therefore allows for "damages that, while not punitive *per se*, nevertheless mimic punitive awards in function."  Dkt. No. 27 at 14.

Under Utah law, "punitive damages are recoverable only for torts, not for breach of contract."  *Smith v. Grand Canyon Expeditions Co.*, 84 P.3d 1154, 1161 (Utah 2003).  "Allegations of a breach of the implied covenant of good faith and fair dealing owed first party insurers and their insured sound in contract, not in tort."  *Canyon Country Store v. Bracey*, 781 P.2d 414, 423 (Utah 1989).  Accordingly, "Utah law does not allow for punitive damages in a first-party bad faith action."  *8665 North Cove, LLC v. American Family Mut. Ins. Co.*, 2014 WL 2777467, *4 (D. Utah 2014).  Plaintiff correctly notes that damages for a bad faith claim are not limited to the amount specified in an insurance policy, but the function of those damages must be to compensate a plaintiff for general or consequential damages suffered.  Neither Plaintiff's quoted language from *Beck* nor any other principle of Utah law supports the notion that damages

for a bad faith claim can "mimic punitive awards in function." Under Utah law, punitive or exemplary damages are not available for either a bad faith claim or a breach of contract claim. Punitive damages are therefore not available in this action.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. Plaintiff's second cause of action, alleging breach of the implied covenant of good faith and fair dealing, is DISMISSED. Plaintiff's claim for punitive damages is DISMISSED.

Signed this 10th day of February, 2020.

BY THE COURT

_____
U.S. District Judge Dee Benson